Good morning, your honors. May it please the court. My name is Joey Bondurant. I'm here this morning on behalf of the appellant Christopher Hines, Drew, excuse me, Christopher Reginald Hines. And Mr. Hines, as the court is aware, was convicted pursuant to guilty plea of two counts. Count one of the second superseding indictment, which charged him with a general conspiracy under 371, and then count 11 of the second superseding indictment that charged him with a money laundering conspiracy. Having previously had a direct appeal and a section 2255 motion, Mr. Hines is attempting to utilize the savings clause of 2255E to proceed under 2241. His claim that he's entitled to relief from his guilty plea as to count 11 as a result of the Supreme Court's decision in Santos as elaborated upon by this court's decision in United States v. Cloud. Of course, the district court below denied him relief pursuant to adopting the report and recommendation of the magistrate judge held that that he was not entitled to relief primarily because the court concluded that Santos and Cloud did not apply to conspiracies at all, categorical approach to that, which we contend. A little more sophisticated than that. It seems to me the whole merger doctrine arises when you're receiving double punishment for the same conduct. And in this case, the transactions in count one and the transactions in count 11 don't all And it seems to me that it's not just that it's a conspiracy, it's a conspiracy to commit certain conducts, transactions that would not support a merger. Your Honor, we very respectfully disagree with that as a fact. If you look at the joint appendix at page 69, paragraph 22 of the indictment, that's count 11 and that's the very first paragraph of count 11, which incorporates not only all of the introductory paragraphs of the indictment, it expressly incorporates all of count one. And as a matter of fact, the other counts that were dismissed as well, so I'm not going to discuss those this morning, but count 11 expressly incorporated all of count one, which sets out overt acts and manner and means of accomplishing the conspiracy. And count 11 itself doesn't reference any additional transactions. It merely charges the statutory language of proceeds. And so there's no distinction at all factually from the transactions. I mean, there can't be on this record any distinction between count one and count 11. Let me ask you this. If you fit into the exception 2255E and avoid the plea agreement, it has to rest on some notion of actual innocence. Doesn't it? That's the way you get around the plea agreement. That's the way you get around the exception under 2255. I'm not sure that I would agree with that, Your Honor. I mean, let's stick with the plea agreement. Sure. How do you get around the plea agreement without a claim of actual innocence? Well, we've got two arguments. One is that the Santos claim is simply beyond the of the plea agreement. For one thing, the waiver provision. And then the other thing, the other argument that we have is beyond it. The plea agreement said you're waiving the right to appeal and all collateral attacks. Right. And that's unconditional. It didn't say if the law changes. Right, Your Honor. But the plea agreement... The only way you can get around it is if you pled guilty to a crime that was not a crime. And in fact, that's what a Santos claims is. That's what I thought you were. But you're not buying into the notion that you have to demonstrate actual innocence. Well, only because we didn't expressly argue it in those terms. And I'm a little uncertain what the implications are going down that road, quite frankly. But I do believe... Well, I don't know what other course you have. Tell me what other course you have. If you're not actually innocent of those crimes, because I can tell you the actual factual admission that your client made is a factual admission that goes around the merger doctrine. They said the proceeds were used for promoting a further crime. Exactly. And which is the exception to merger doctrine. I disagree, Your Honor, because the stipulation speaks in terms of the statutory language, which is proceeds. Doesn't say that he is beyond the merger doctrine. In other words, the actual facts that your client fled to avoids, explicitly avoids the merger doctrine. I think that's only true if it's the net profits. Because once you've got a merger problem with Santos, which I suggest that we do on this record for the arguments in the brief, because you've got identical transactions. You've got... This case, in effect, is cloud all over again, but in the conspiracy context. I mean, this is cloud. Merger Santos applied the proceeds to fund the actual commission of the crime. And accepted the notion that if the proceeds were used for promotion of future crime, that is not a merger problem. I don't necessarily disagree with what Your Honor is saying, but... I understand that, and that's what's in the plea agreement. The factual agreement by your client takes it out of the merger doctrine. Well, Your Honor, I disagree, because it says proceeds. If it said net profits, then we would have a different case. It's not net profits. It's what you're going to use them for. The notion that Santos did is that what the proceeds or profits, whatever you want to call them, were basically to pay for the commission of the crime, the expenses of committing the crime. And that was a merger problem. But if you have a new crime, the profits were used to commit and promote new criminal conduct, that's not a merger problem. Well, there is no merger, excuse me, there is no additional crime or additional conduct charged. And in fact, if we look... No, I'm talking about your plea agreement. I understand, Your Honor, but the actual plea agreement, I believe Your Honor is referencing the stipulation, the factual basis. Yes. Which is separate from the plea agreement. The plea agreement says that... It's separate from it, but it's explicitly incorporated. I don't recall it being expressly incorporated. Maybe I overlooked that part of the record because my understanding of what the plea agreement said was that the pre-sentence report was what was going to establish the factual basis for the plea. And in fact, the court in the Supplemental Joint Appendix in the sentencing hearing adopted the pre-sentence report. And if you look at the pre-sentence report, its findings are that the payments that were, the money that was used, the payments that were generated, were then divvied up among the co-conspirators. And that's exactly what we're looking at, Supplemental Joint Appendix 55. And it says, Christopher R. Hines stipulation to factual basis. Yes, sir. And the plea agreement, as you know, leaves open the factual basis. And this is intended to fill that. Yes, sir. It explicitly leaves it open. Yes, sir. And it says, with respect to Count 11, I was aware that at least a portion of the proceeds from the loans involved in Count 1 were used to facilitate other financial transactions to further or promote the conspiracy charge in Count 1. That takes it right out. Well, Your Honor, I don't know what to say other than that I disagree. I understand your point, but because it references proceeds, I think that's the problem. I mean, once. That's what the proceeds are representing. The confusion in Santos was what the proceeds were. Was it proceeds, basically the expenses needed to finance the crime itself. They paid off, you pay a commission to the people who are making the, what was the crime? I forgot the crime in Santos. In Santos was the illegal gambling. Yes, sir. Yes, sir. And again, we would just, I mean, I guess we can have this discussion for the rest of the day. And I'm just not going to concede that factual basis. You don't need to concede it. I just, I'm pointing out what I think is sort of a very difficult hurdle on this to get around the plea agreement. I understand. I understand Your Honor's point. I just, I think that because it says proceeds and not net profits, it's problematic. Yeah, let me make sure I understand your point. Your point is, as long as it says proceeds, regardless of what those proceeds may be used for, you win. Your Honor, I don't think that regardless of what they might be charged, these are identical crimes that are charged in each of the counts. And then that in conjunction with the pre-sentence report, which the sentencing judge, Graham Mullen, adopted the pre-sentence report as the factual basis for the plea, the pre-sentence report says that the money that was generated was divvied up among the co-conspirators, which is exactly what Cloud found. I mean, this case is Cloud. It's an identical type of mortgage fraud that Cloud was convicted of. And it's, if you look at the pre-sentence report, the factual basis, the factual findings, it's the identical type of payments that Cloud said were problematic under the merger issue that was set out in Santos. And so that's our argument. I mean, you know, I guess the one legal distinction between this case and Cloud and Abdul Wahab and the other cases this court has decided is this claim obviously is a conspiracy claim and not a substantive count. But what the court said in those cases was that you couldn't do basically a Santos merger analysis because the conspiracy claims weren't tied to any specific payments. How do you handle the Boosley or Bowsley argument? How do I handle it? Which part of Bowsley are you referring to? I think the government cited Bowsley a couple times and I also cited it. Well, the fact is the government gave up ten counts, three of which are bank fraud counts, sentences of 30 years or more. And the government gave all those up. Don't you have to demonstrate your innocence from those? Well, I believe if I... To get around the plea agreement? I don't believe we do because I believe that the plea agreement, in light of Santos, I mean, the essential elements of the claim changed after the furtherance of the plea agreement. So if you're going to say they pled to innocent conduct that wasn't criminal conduct, you're going to have to say that with respect to all the counts the government charged. That's what Bowsley holds. Right. Well, I think in order to say that, Bowsley also says that if you enter a plea that's not knowing involuntary by virtue of a change in substantive law as to the elements after the plea agreement, then the plea agreement itself is not knowing involuntary. So in order to have this plea agreement problem, we're going to have to find that his plea was knowing involuntary, which it couldn't have been because Santos narrowed the elements. And this court's Johnson case, 410 F. 137, said, quote, the Supreme Court has recognized that a defendant cannot be said to have intelligently entered a guilty plea if, quote, neither he nor his counsel nor the court correctly understood the essential elements of the crime as those elements were interpreted by the Supreme Court after entry of the plea. So what this court itself has said is when the elements of the crime change after the plea, you can't go back to the plea itself and say it was knowing involuntary. It was a change in the elements post-plea. And so in order to have this problem that the government posits about giving the benefit of the bargain to the government on the plea agreement, the plea agreement itself has to be knowing involuntary, which we can pretend that it was not by virtue of the change in Santos. And so that's, in a nutshell, our argument is that, you know, we've got John Henry Jones, we've got the three elements that we got approved to proceed under the savings clause, and the first of which is that the law subsequently rendered the conviction basically innocent conduct, and that's what the dispute is about. The district court said that wasn't true. We contend that it is by virtue of Santos. And then the third one is you can't meet the gatekeeping provision of 2255 because it's not a constitution. You're missing Bowsley altogether, though, in that argument because you're basically saying I'm innocent or your client's innocent of counts 1 and 11 or 11 because it merged into one or vice versa. And Bowsley says, well, if you're going to try to avoid a plea agreement based on the innocence of the crime, it's no longer a crime because of the merger problem, then you're going to have to address all the other counts that the government went in entering the plea agreement. And to demonstrate that, you would have to get by all these charges, including the very serious charges that were given up under the three counts for bank fraud. Thank you. Again, unless I misunderstand Bowsley, I think that that argument depends on, you know, we got a unique situation because we have a guilty plea that we contend is not knowing involuntary. I see I'm out of time. May I finish the response, Your Honor? Go ahead. We contend that the guilty plea itself was, the plea agreement is invalid because it's not knowing involuntary in light of the subsequent petition incentives. Thank you. All right. Thank you, Mr. Bonner. Mr. Enright? Thank you, Your Honor. May it please the court, Anthony Enright for the United States. The district court correctly concluded that Mr. Hines waived any entitlement to post-conviction relief when he pleaded guilty. And it also concluded correctly that Mr. Hines could not meet the requirements described by this court in its Jones decision for seeking relief under 28 U.S.C. Section 2241. When Mr. Hines pleaded guilty in 2004, he relinquished any entitlement to the testimony of proceeds. And as the court pointed out, in exchange for that waiver, the United States, on the eve of trial, agreed to dismiss nine substantive counts of fraud. Even if Mr. Hines had not waived any entitlement to post-conviction review, he cannot meet the requirements established by this court or described by this court in Enright Jones. He had the opportunity to present an argument that proceeds was limited to profits at the time of his trial. And he certainly had the opportunity to present that in his first 2255 because he did present that very issue. And his 2255 was, in fact, decided more than a year after Santos was decided. But when he pled before Santos, all that was necessary was to show that proceeds were used from the crime. That's all. That element was met. So his argument is that I pled because these clearly were proceeds. But now post-Santos, it's not enough. That in itself is not an element. Now we have to see whether or not, in fact, they really are proceeds of a different crime. It could be the same crime, but at least not that crime. And because it could be really just net proceeds is the question. And that is like the gambling case. You have a numbers-running crime. You have to pay your runners. And you have to pay off the people who win the winning bets. So those were proceeds given to those people, but they really don't, after Santos, amount to proceeds. He's saying that it's not knowing because they were proceeds. But now that element alone, would you agree, if all you had was you prosecuted someone and said, these were proceeds, that's all you had, you couldn't meet the elements, could you, on a money laundering now? Your Honor, I would actually not agree because I believe the statutory element is and remains proceeds. And I think the question addressed by Santos and the progeny was whether the term proceeds is confined to profits or whether it includes all net receipts. And the law at the time of Santos' conviction was such there was a circuit split among other circuits. And in this circuit, this circuit had never held that, had never rejected the argument or held that proceeds was definitely gross receipts as opposed to profits. So they're both. Proceeds include both. I mean, if you did the Venn but wouldn't it still be proceeds? Your Honor, I think that was the argument addressed specifically in Santos. The idea is the term proceeds was on its face ambiguous and could be construed to mean either one or the other. Proceeds doesn't answer the question, though, because, I mean, Cloud explained it. Judge Michael explained it well in Cloud when he said the court held that when money laundering count results from payment of the essential expenses of the underlying fraud, the merger problem arises. And he made clear that there was evidence that Cloud used the profits from his previous illegal deals to finance additional purchases. Now, that is what he stipulated to in this case, and that is not a merger problem. That's exactly right. Right under the explicit language of Cloud. That's exactly right, Your Honor. The stipulation states that the transactions underlying the money laundering conspiracy conviction were other than those that underlie the 371 conviction, and I do believe that's true. The expenses of the crime become the same crime, whereas if the money from the crime is used for further promoting further crime, it's a separate transaction of money laundering. That is correct, but the law really has not changed with respect to the legality of this conviction or the meaning of proceeds at the time that he was convicted. And additionally, as the court mentioned, he cannot meet the requirement in this context to establish that he's actually innocent because the record unambiguously establishes that the United States forewent additional crimes, the prosecution for additional crimes in the course of a plea bargain. And I don't believe he's even attempted to make a showing that he's actually innocent of those offenses. I have a fair amount of time left, and I'm happy to answer any questions, but if the court doesn't have any, I would ask that the court confirm the decision of the district court. Thank you, Mr. Bondurant. Thank you, Your Honors. Just to briefly address a couple of points that the government raised, the government has suggested in its brief and now in argument that there is essentially an error preservation requirement, that the fact that Mr. Hines did not raise the Santos-style claim either on direct appeal or I guess the government contends he did raise it in a 2255, but the government contends essentially that he had to have raised it before. Well, he couldn't have raised it. He didn't know about it, but then he asked to establish actual innocence in order to get the benefit. And Bowsley has a big barrier because in order to establish that, you have to establish not only innocence in counts one and 11, which is where you directed your argument, but also in the other nine counts. And you haven't attempted to do that, and it seems to me that evidence is pretty clear about the bank fraud in this case. Right, Your Honor, and I apologize. I frankly did not brush up on that argument quite as much as I probably should have because I didn't, again, in terms of Mr. Hines' argument, we don't get there. I mean, that's part of a kind of a procedural default. If you succeed on Santos, you still have to cross that bridge. In other words, if all you do, if you succeed, you create innocence as to cloud, but if you succeed under Santos, you're still going to have to address the counts that they forewent in a plea agreement. That's what Bowsley addresses. Right, Your Honor, but I would have thought that, again, one of the arguments is that the entire plea agreement is really invalid by virtue of Santos. And so to make that additional layer of analysis here that's not just actual innocence, yes, there is an actual innocence component, but there's also this issue of whether the plea agreement itself is knowing involuntary in light of Santos. And to conduct the analysis of Bowsley, the government needs to still have a valid and binding plea agreement voluntarily. Your argument comes that he could not have anticipated Santos. Santos changed the law. And so under the cause and prejudice analysis and all the other business, you have to come and show you were innocent. But in doing that, your burden is broader than just addressing the one count that he pledged because there were other counts that were given up by the government in order to enter into that. Well, the cause and prejudice analysis. Gary, your burden, I mean, you're pretty far down the procedural chain now. You know, you've had your appeal and you've had your 2255 and now you're trying to come under an acceptance 2255. Well, the cause and prejudice analysis is effectively a procedural default analysis. You have to show cause and prejudice for your argument presumes that you should have raised the argument earlier. And that's the law. And the law says you can get relief from that if you show actual innocence, miscarriage of justice. Well, I respectfully disagree with your honor in the sense that under the savings clause, you've got three elements in order to proceed. And the first one is that the established law at the time of your conviction was such that it was futile. And those are the expressed words of Jones, Henry Jones. It would have been futile to raise the argument at the time. And there's no point in discussing futility if we've got an error preservation requirement. If there was an error preservation requirement, the first element of Jones would have been much different. It would have said you actually preserved the argument by raising it at the time of your conviction. That's not what Jones says. Jones does not impose any obligation on a defendant to preserve errors of this particular type. And again, this is a very narrow class of errors. We're not talking about garden variety changes in law. We're talking about a change in the substantive law which renders the conduct of which you were convicted non-criminal. I mean, we got a situation where people are literally in prison for convictions that don't constitute criminal conduct. That's a very unique and very limited set of errors. I mean, if this were a Booker style error or a Bailey style error or some other type of error where it's a now the court has to find certain elements by, excuse me, a jury now has to find certain elements by beyond a reasonable doubt rather than the court finding it as a preponderance. Well, there you don't have a change in law that negates the criminal nature of the underlying conduct. You essentially have procedural changes in the law. And so we would contend that these types of claims under Jones itself which allows us to expressly means that we don't, there is no requirement of error preservation. I mean, otherwise that first element of Jones makes absolutely no sense. You would agree if you won on Santos, your client still would be susceptible to being prosecuted for the counts dropped, correct? That is my understanding. It would have to be, yeah, because we've used contract law for agreements that the government would have lost consideration. There'd be no consideration on their part. They'd say, well, we did this because we were getting this. Now that this is gone, so it'll be rather easy to deal with. You just go to trial. That's all. That's my understanding. Yes, sir. Unless the court has any additional questions. Just if they decide to prosecute. Right. You wouldn't carry your burden at this point to go to trial. Fousley says in cases where the government has petitioner showing of actual innocence must also extend to those charges. You haven't even attempted to go to those charges. But again, my understanding is that's sort of the cause and prejudice. We're in a sort of a procedural default type argument at that point. And we can't have procedural default for errors that fit within the savings clause for the reason I've mentioned. The first element of Jones virtually expressly says there is no error preservation requirement for these very limited types of errors. And I see I'm out of time. I think between because the Fousley addressed that directly because the plea colloquy could not address something that he didn't. That was subsequently changed. But then the court said what you have to show in that circumstance. If he can establish that the constitutional error in the plea colloquy was innocent. And then it says to establish the actual innocence, you not only have to address the one you did, but all the ones that were were gone by the government and plea colloquy. And you haven't undertaken to do that. No, sir. Yeah. Thank you. All right. We'll come down and recouncil and then take a short recess.
judges: Paul V. Niemeyer, Roger L. Gregory, Stephanie D. Thacker